Filed 1/10/14  P. v. Quiroz CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>CYNTHIA HERRERA QUIROZ,<br><br>     Defendant and Appellant. | B250556<br><br>(Los Angeles County Super. Ct.<br> No. SA082497) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Katherine Mader, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Following the denial of her motion to suppress evidence under Penal Code section 1538.5, defendant and appellant Cynthia Herrera Quiroz entered a plea of no contest to misdemeanor possession of marijuana in violation of Health and Safety Code section 11357, subdivision (c). Defendant was placed on summary probation for a period of 24 months. She filed a timely notice of appeal, challenging the ruling on the motion to suppress evidence.

This court appointed counsel for defendant. Appointed counsel filed a brief raising no issues but requested this court to independently review the record for arguable contentions pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Defendant was advised by letter from this court dated November 4, 2013, of her right to file a supplemental brief within 30 days. The 30-day period has lapsed and no brief has been received.

We have completed our independent review of the record and find no arguable appellate contentions. The trial court properly denied defendant's motion to suppress the marijuana which formed the basis for the prosecution. An officer observed defendant driving a vehicle connected to a ticket that had gone to warrant. Defendant's driving privilege had been suspended. Because the other three occupants of the vehicle were unlicensed, and leaving the vehicle at the location of the stop would have impeded traffic, a decision was made to impound the car. Marijuana was discovered in a woman's tote bag in the trunk of the car during an inventory search of the vehicle conducted as part of the impound process. The seizure of the marijuana during the inventory search was lawful. (*South Dakota v. Opperman* (1976) 428 U.S. 364 [standard police practice of searching the inventory of a car as part of the impound process is not unreasonable under the Fourth Amendment].)

The judgment is affirmed. (*Smith v. Robbins* (2000) 528 U.S. 259.)


KRIEGLER, J.


We concur:


TURNER, P. J.                                        MOSK, J.


2